B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Sandra McBeth, Chapter 7 Trustee | **DEFENDANTS**<br>Ameritas Life Insurance Corp. and Craig Cowan |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>William C. Beall<br><br>Beall & Burkhardt, APC<br><br>1114 State Street, Suite 200, Santa Barbara, CA 93101<br><br>(805) 966-6774 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

TURNOVER OF ESTATE ASSETS, FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY, TO RECOVER POSTPETITION TRANSFERS AND FOR REVOCATION OF DISCHARGE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

(1) 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

(2) 14-Recovery of money/property - other -post-petition transfer

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

(4) 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims  62-Dischargeability - §523(a)(2), false pretenses, false representation, ☐

☐ 01-Determination of removed claim or cause   actual fraud   Other

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny ☐
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay   72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $107,774.64+ |
| Other Relief Sought (3) Damages for violations of stay | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Craig A. Cowan || BANKRUPTCY CASE NO.<br>9:18-bk-10376-MB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Northern | NAME OF JUDGE<br>Martin Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ William C. Beall* ||||
| DATE<br>7/19/19 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William C. Beall ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings
or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely selfexplanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
CARISSA N. HOROWITZ, STATE BAR NO. 274814
SUITE 200, LA ARCADA BUILDING
1114 STATE STREET
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Craig A. Cowan,<br><br>　　　　　　Debtor.<br>_____<br><br>Sandra McBeth, Chapter 7 Trustee,<br><br>　　　　　　Plaintiff.<br>vs.<br><br>Ameritas Life Insurance Corp. and Craig Cowan,<br><br>　　　　　　Defendants. | Bk. No. 9:18-bk-10376-MB<br>Chapter 7<br><br>Adversary No.<br><br>**COMPLAINT FOR TURNOVER OF ESTATE ASSETS, FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY, TO RECOVER POSTPETITION TRANSFERS AND FOR REVOCATION OF DISCHARGE**<br><br><u>No Hearing Set</u> |

### GENERAL ALLEGATIONS

1. This proceeding is an adversary proceeding within the meaning of Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. sections 1334 and 157 and this proceeding is a core proceeding in the matter of Craig A. Cowan, Bankruptcy Case No. 9:18-bk-10376-MB now pending in the United States Bankruptcy Court for the Central District of California, Northern Division.

2. Craig A. Cowan ("Debtor") is the debtor in this case commenced by the filing of a voluntary chapter 7 petition on March 16, 2018.

3. Plaintiff Sandra McBeth is the duly appointed and acting Chapter 7 Trustee in this case.

1

4. Plaintiff is informed and believes and therefore alleges that Defendant Ameritas Life Insurance Corp. ("Ameritas") is a Nebraska corporation doing business in the Central District of California.

5. As of the date of the filing of the Chapter 7 petition, one of the assets of Debtor Craig Cowan was an Overture Encore Variable Universal Life insurance policy ('the Policy"). The Policy was issued by Ameritas, with Policy number 2103047467.

6. Upon the filing of the Chapter 7 case, the Policy became property of the Chapter 7 estate as that term is defined in 11 U.S.C. 541.

7. The Policy remains property of the Chapter 7 estate.

8. Ameritas was listed as a creditor by Debtor Craig Cowan and has been aware of the filing of the Chapter 7 case at all times after the filing of the case.

9. On October 17, 2018, the Trustee demanded turnover of the Policy or its value from Ameritas. Ameritas has failed and refused to turn over the Policy, or its value.

10. Prior to the filing of the Chapter 7 case, Debtor Craig Cowan borrowed funds from Ameritas.

11. The Chapter 7 schedules list an obligation owing to Ameritas of $62,711.95 ("the Ameritas debt").

12. The Trustee is informed and believes and thereon alleges that the Policy includes at least the following components; a) a whole life component with a cash value, as of the filing of the Chapter 7 case, of approximately $107,774.64; b) a term life insurance component with a death benefit in excess of $5,000,000; and c) a disability benefit.

13. The premium for the term life insurance component of the policy was $1,217.28 per month as of the date of the filing of the case.

14. The premium for the disability component of the policy was $192.38 per month as of the date of the filing of the case.

15. Disability and term life insurance after the filing of the case are post-Chapter 7 filing obligations of Craig Cowan. Payment of premiums for term life insurance and disability insurance post-

Chapter 7 filing benefit Craig Cowan. Payment of premiums for term life insurance and disability insurance post-Chapter 7 filing do not benefit the Chapter 7 estate and the premiums are not obligations of the Chapter 7 estate.

16. Ameritas has paid itself various fees and charges since the filing of the Chapter 7 case. Ameritas had a duty to turn the policy or its value over to the Trustee and its fees and charges did not benefit the estate.

17. The Trustee demanded information concerning the Policy from Ameritas, and from Craig Cowan, including but not limited to a full copy of the Policy. Neither Ameritas nor Craig Cowan has provided the information demanded by the Trustee, and they have conspired together to prevent the Trustee from receiving such information.

18. The Trustee is informed and believes and thereon alleges that Ameritas has paid the Ameritas debt through deductions from the cash value of the Policy.

19. Craig Cowan directed Ameritas not to provide information to the Trustee upon demand.

### FIRST CLAIM FOR RELIEF; 11 USC 542(a)

20. Plaintiff hereby realleges the allegations set forth in paragraphs one through nineteen as if they were set forth herein in full.

21. The Policy is property that the Trustee may use, sell, or lease.

22. The Policy is not of inconsequential value.

23. Ameritas was aware of the Chapter 7 case from the inception.

### SECOND CLAIM FOR RELIEF; 11 USC 549

24. Plaintiff hereby realleges the allegations set forth in paragraphs one through twenty-three as if they were set forth herein in full.

25. Use of the cash value in the Policy to pay premiums for post-filing term life insurance, paying for post-filing disability insurance, and for fees and charges to Ameritas constituted post filing transfers of property of the estate.

26. The transfers described in paragraph twenty-five above were made to Ameritas.

27. The transfers described in paragraph twenty-five above were made for the benefit of Debtor Craig Cowan.

28. The transfers described in paragraph twenty-five above were not authorized by Title 11 or the United States Bankruptcy Court.

### THIRD CLAIM FOR RELIEF; 11 USC 362(k)

29. Plaintiff hereby realleges the allegations set forth in paragraphs one through twenty-eight as if they were set forth herein in full.

30. The actions of Ameritas in refusing to turn over the cash value of the Policy and in deducting from the policy post-filing premiums and other charges were actions to exercise control over property of the estate in violation of 11 USC 362(a)(3).

31. The actions of Ameritas in paying the Ameritas debt from property of the estate were actions to exercise to enforce a lien against property of the estate in violation of 11 USC 362(a)(4).

32. The actions of Ameritas in paying the Ameritas debt from property of the estate were actions to setoff a debt against property of the estate in violation of 11 USC 362(a)(7).

33. The stay violations by Ameritas were willful.

34. The estate was damaged by the stay violations by Ameritas.

### FOURTH CLAIM FOR RELIEF; 11 USC 727(d)(2)

35. Plaintiff hereby realleges the allegations set forth in paragraphs one through thirty-four as if they were set forth herein in full.

36. The actions of Craig Cowan in having his post-filing term life insurance and disability premiums paid by property of the estate permitted him to acquire property of the estate post-filing.

37. Craig Cowan has failed to deliver or surrender such property to the estate despite demand.

38. Craig Cowan's failure to deliver property of the estate to the Trustee is knowing.

39. Craig Cowan's failure to deliver property of the estate to the Trustee is fraudulent, in that he enabled his acquisition through failing to provide information to the Trustee, and directing Ameritas not to provide such information.

**Wherefore, the Trustee prays for relief as follows:**

On the First Claim for Relief for judgment against Defendant Ameritas in the amount of at least $107,774.64 plus interest;

On the Second Claim for Relief for judgment against Defendants Ameritas and Cowan in the amount of at least $107,774.64 plus interest;

On the Third Claim for Relief for judgment against Defendant Ameritas in an amount to be demonstrated at trial, equal to the estate's fees and charges incurred in this adversary proceeding and its preamble;

On the Fourth Claim for Relief for judgment against Defendant Cowan for an Order revoking the Debtor's discharge.

For attorney's fees, costs of suit, and such other relief as the Court deems just and proper.

Respectfully Submitted,

Dated: July 19, 2019

BEALL & BURKHARDT, APC

By: /s/ William C. Beall
William C. Beall, Counsel for
Sandra McBeth, Chapter 7 Trustee